UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

KENYETTA LESTER                                             Case No. 3:25-01512-AR

                          Plaintiff,                        **ORDER TO AMEND**

          v.


HOTEL ALDER, SALLY MCCRACKEN
(Section 8 SRO), DHS, and BITMAN
(Section 8 SRO),

                          Defendants.

_____

**ARMISTEAD, United States Magistrate Judge**

        Plaintiff Kenyetta Lester, representing himself, filed this lawsuit on August 25, 2025,

against "DHS" and three Section 8 single-room occupancy (SRO) apartment buildings operated

by Central City Concern. (Compl. at 2, ECF 2.) Lester alleges that this court has federal question

jurisdiction over this case, but he fails to provide facts supporting subject matter jurisdiction on

that basis. (*See id.* at 3.) He also fails to describe the events underlying his claim, besides

indicating that this lawsuit relates to his Section 8 housing applications. (*See id.* at 4.) Lester

must therefore file an amended complaint with more facts to avoid dismissal of his lawsuit.

## LEGAL STANDARD

The court screens cases when a plaintiff is proceeding without prepayment of fees based on an inability to pay them—that is, when a plaintiff proceeds *in forma pauperis* (IFP)*.* For *in forma pauperis* cases, Congress directs that "the court shall dismiss the case at any time if the court determines that" the action is: (1) "frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The court's screening obligation includes determining whether a plaintiff's claims are capable of being tried by this court, or in other words, are cognizable claims.[1]

The court is generous in construing the pleadings of self-represented plaintiffs, giving the plaintiff the benefit of doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Self-represented plaintiffs are "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (per curiam). "Although a *pro se* litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

---

[1]     *See, e.g.*, *O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008) ("After a prisoner applies for *in forma pauperis* status and lodges a complaint with the district court, the district court screens the complaint and determines whether it contains cognizable claims. If not, the district court must dismiss the complaint."); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners.").

Page 2 – ORDER TO AMEND
*Lester v. Hotel Alder, et al.*, 3:25-cv-01512-AR

**DISCUSSION**

A.      *Subject Matter Jurisdiction*

  The United States Constitution and federal law allow only certain kinds of cases in federal court. That limited authority of a federal court is known as its **subject matter jurisdiction**, and, if a federal court does not have subject matter jurisdiction for a case, the court must dismiss it (in other words, put the case out of its consideration). *See Adkison v. C.I.R.*, 592 F.3d 1050, 1055 (9th Cir. 2010) (subject matter jurisdiction "refers to a tribunal's power to hear a case"). The two kinds of cases for which a federal court has jurisdiction are (1) "federal question" cases and (2) "diversity of citizenship" cases. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This limited jurisdiction is different from Oregon circuit courts, which have subject matter jurisdiction over all actions unless a statute or law divests them of jurisdiction. *Owen v. City of Portland*, 368 Or. 661, 684 (2021) ("Oregon circuit courts 'ha[ve] general jurisdiction, to be defined, limited, and regulated by law in accordance with th[e Oregon] Constitution.' Or Const, Art VII (Original), § 1."). Here, Lester alleges federal question jurisdiction.

  To establish **federal question jurisdiction**, a plaintiff must plead that defendants have violated a **federal constitutional** or **statutory provision**. 28 U.S.C. § 1331; *In re Ford Motor Co./Citibank (S.D.), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) (The "party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). Here, Lester has not clearly indicated the legal bases for his claims. When asked which federal law or constitutional provision is at issue in his case, Lester lists a **state** statute, ORS § 427.401. (Compl. at 3; Civil Cover Sheet at 1, ECF 2-1.) State statutes cannot serve as a basis for

jurisdiction in federal court. *See* 28 U.S.C. § 1331 (giving federal courts jurisdiction over cases "arising under" federal law).

Even construing Lester's complaint liberally, the court cannot identify a constitutional provision or federal statute that is at issue and would therefore grant this court jurisdiction. When prompted to describe his cause of action, Lester wrote "violation of [the] 8th amendment [and] bill of rights." (Civil Cover Sheet at 1.) But the Eighth Amendment protects the rights of individuals convicted of crimes. *See Hawkins v. Comparet-Cassani*, 251 F.3d 1230, 1238 (9th Cir. 2001). Those protections do not apply here. Lester is not incarcerated (Appl. Proceed IFP at 1, ECF 1) and, according to his housing applications, he has never been convicted of a crime. (*See* Compl., Ex. 7, 8, 14, 16, 19.) Nor does his claim clearly arise out of a past criminal conviction. (*See generally* Compl.) If Lester wishes to proceed with this suit in federal court, he must submit an amended complaint identifying a federal statute or a specific constitutional provision that would give this court federal question jurisdiction.

**B.     *Sufficiency of the Complaint***

A complaint must contain (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. FED. R. CIV. P. 8(a). Rule 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (simplified). A "complaint must provide sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016) (simplified). The factual allegations must "plausibly suggest an

entitlement to relief." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The

plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer

possibility that a defendant has acted unlawfully." *Id.*

      As currently alleged, Lester's complaint does not satisfy Rule 8. The complaint does not

specify the legal claim that Lester is bringing, nor does it provide any factual allegations to

support that claim. The only fact Lester has alleged is that he applied for housing.[2] He does not

allege, for example, that his applications were denied in violation of his constitutional rights or

the Fair Housing Act—he does not allege that his applications were denied at all. Lester states

that he "grew up in foster care" and that "his guardians have passed award with no information

for [him] to secure," but he does not explain how that information is relevant to his claim.

(Compl. at 4.) Without more facts, the court cannot discern how and when defendants' conduct

caused Lester harm. To proceed with this lawsuit, Lester must provide a factual description of

defendants' conduct that underlies his claims. Specifically, Lester should:

> Write a short and plain statement of the claim. Do not make legal arguments. State
> as briefly as possible the facts showing that [you are] entitled to the damages or
> other relief sought. State how each defendant was involved and what each
> defendant did that caused [you] harm or violated [your] rights, including the dates
> and places of that involvement or conduct. If more than one claim is asserted,
> number each claim and write a short and plain statement of each claim in a
> separate paragraph.

---

[2]    In his complaint, Lester states that he applied for housing "back in December." (Compl.
at 4.) But it appears that Lester signed (and presumably, submitted) those applications on August
16, 2025, only nine days before he filed suit. (*Id.*, Ex. 13-14, 16, 19-21.) If Lester amends his
complaint, he should clarify the date that he submitted his housing applications.

Page 5 – ORDER TO AMEND
*Lester v. Hotel Alder, et al.*, 3:25-cv-01512-AR

Complaint for Employment Discrimination at 4, Civil Pro Se Form 7, available at

https://www.uscourts.gov/forms/civil-pro-se-forms.

**C.    *Properly Named Defendants***

  Finally, Lester must identify the defendants he wishes to sue. On his civil cover sheet,

Lester lists "DHS," "Section 8," and "City Concern" as defendants. (Civil Cover Sheet at 1.) But

in his complaint, he lists "Hotel Alder," "DHS," "Sally McCracken," and "Bitman" as

defendants. (Compl. at 2.) The court understands that "Bitman" is likely the Biltmore, an SRO

operated by Central City Concern, based on Lester's attached exhibits. (*See id.*, Ex. 12.) If so,

Lester must make that correction in his amended complaint. He must also clarify whether he

intends to sue Central City Concern or just certain SROs operated by them.

  With regard to defendant "DHS," Lester must be more specific in his amended complaint.

If he intends to sue the Oregon Department of Human Services (ODHS), he must state as much,

as well as provide a valid address for that defendant. If he intends to sue a different agency, he

must specify which agency—an acronym is not sufficient. Lester should also know that, absent a

waiver or consent, state agencies (like ODHS) are immune from suit in federal court under the

Eleventh Amendment. U.S. CONST. amend. XI.; *Regents of Univ. of Cal. v. Doe*, 519 U.S. 425,

431 (1997) (explaining that Eleventh Amendment immunity extends to state and state agencies).

That immunity extends to state officials acting in their official capacity with limited exceptions.

*Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 142-46 (1993)

(explaining that Eleventh Amendment immunity extends to state officials acting on behalf of the

state). Lester cannot bring a claim against ODHS, its employees, or another state agency without

showing waiver of their Eleventh Amendment immunity or their express consent to suit in federal court.

## CONCLUSION

To avoid dismissal of his lawsuit, Lester must file an AMENDED COMPLAINT by **Monday, September 29, 2025,** with sufficient factual detail to show (1) that this court has subject matter jurisdiction over this case, and (2) that Lester is plausibly entitled to relief. He must also allege which defendants he intends to sue. If Lester fails to do that, the court may dismiss this action. The court DEFERS ruling on Lester's application to proceed *in forma pauperis* and his motion for appointment of counsel. (ECFs 1, 3.)

DATED:  August 29, 2025.

_____
JEFF ARMISTEAD
United States Magistrate Judge

Page 7 – ORDER TO AMEND
*Lester v. Hotel Alder, et al.*, 3:25-cv-01512-AR